Flannagan, trustee, *v.* Forrest, sheriff, *et al.*

A mortgage made by a principal in a promissory note to his surety to indemnify the latter against loss on account of his suretyship, may be foreclosed after maturity of the note and payment thereof by the surety to the creditor, though the payment be made not in money or property but by executing a several promissory note which the creditor accepts in full payment of the joint note. Although the surety, if he so elected, might, under code, §§2176, 2177, have the right to be subrogated to the creditor's status on the joint note, yet a foreclosure by him of the mortgage is a renunciation of that right, and the joint note is thus wholly extinguished not only as to the surety but as to his principal.

August 14, 1894.                                    *Judgment reversed.*

Money rule.   Before Judge Fish.   Sumter superior court.   November term, 1893.

Williford and Matthews gave a joint note to a bank. Williford executed to Matthews a mortgage on all his stock of goods to indemnify him against loss from having signed the note as surety.   Matthews foreclosed the mortgage, alleging that since the note fell due he had fully paid it to the bank, that Williford failed to pay it and was

totally insolvent, and that the mortgaged property was all the property of Williford. The mortgage *fi. fa.* was transferred by Matthews to the bank, and by the bank to Flannagan, trustee. Other *fi. fas.* were levied on the property; and the money in the hands of the sheriff was claimed by numerous creditors of Williford. They attacked the validity of the lien claimed by Flannagan, on the ground that Matthews had sustained no loss and had not paid the note he signed as surety. It appeared that the bank sued him and Williford on the note; whereupon he gave to the bank his several note which was accepted by the bank as payment of the note sued on, and this joint note was marked with a receipt of full payment from him, and was turned over to him; the mortgage was transferred by him as before stated, and an order was taken in the suit that it proceed in the name of the bank for the use of Flannagan, trustee, against Williford. Judgment by default was taken against Williford. When Matthews gave his several note he thought he was solvent, but subsequent events proved he was not. He gave it with the understanding that the bank was to take bank stock as collateral. He never gave stock as collateral, but transferred the mortgage as collateral, after he gave the note. At the time he gave it, nothing was said about transferring the mortgage. He has never paid this note nor been sued on it, and has sustained no loss on account of his suretyship on the joint note.

The court ruled that the mortgage had no lien on the fund, and could not participate in the distribution. Flannagan excepted.

JAMES DODSON & SON and W. K. WHEATLEY, for plaintiff in error. FORT & WATSON, GUERRY & SON, W. M. HAWKES, R. L. MAYNARD, E. A. HAWKINS, J. A. ANSLEY and CLARKE & HOOPER, *contra.*