[No. 7217.   Decided July 11, 1908.]

SEATTLE & SAN FRANCISCO RAILWAY & NAVIGATION
COMPANY, *Respondent*, v. MARYLAND CASUALTY
COMPANY, *Appellant*.[1]

INSURANCE—INDEMNITY INSURANCE — LOSS SUSTAINED — PAYMENT
BY NOTE. Where the assured in a liability insurance policy gave its note for the amount of a judgment obtained for personal injuries, covered by the policy, in full satisfaction thereof, a "loss is sustained" by the assured within the meaning of a provision in the policy that no action shall be maintained thereon unless brought to reimburse the assured for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 4, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon an employer's liability policy. Affirmed.

*Bausman & Kelleher* and *R. P. Oldham*, for appellant, cited: *Chippewa Lumber Co. v. Phenix Ins. Co.*, 80 Mich. 116, 44 N. W. 1055; *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 25 Pac. 1072, 26 Am. St. 842, 11 L. R. A. 689; *Western Union Telegraph Co. v. Lawson*, 66 Kan. 660, 72 Pac. 283; *Kelly v. Supreme Council*, 46 App. Div. 79, 61 N. Y. Supp. 394; *Lockwood v. Sturdevant*, 6 Conn. 373; *Moses v. Travellers' Ins. Co.*, 63 N. J. Eq. 260, 49 Atl. 720; *Allen v. Aetna Life Ins. Co.*, 137 Fed. 136, 145 Fed. 881; *Wicker v. Hoppock*, 6 Wall. 94, 18 L. Ed. 752; *Valentine v. Wheeler*,

[1]Reported in 96 Pac. 509.

122 Mass. 566, 23 Am. Rep. 404; *Weller v. Eames*, 15 Minn. 461, 2 Am. Rep. 150.

*B. S. Grosscup*, for respondent.

HADLEY, C. J.—This is an action upon an employer's liability policy, which was issued by the defendant to the plaintiff. Suit was previously brought against this plaintiff by one of its employees, to recover $50,000 damages on account of personal injuries alleged to have been caused by the neglect of the employer. Judgment was obtained in favor of the employee for $25,000, and the plaintiff alleges that it was compelled to pay, and did pay, the amount of the judgment with interest and costs, amounting in all, on the date of the payment, to $27,629.87. Judgment is demanded in this action for $5,000, the limit of the defendant's liability under the terms of its policy. After a trial before the court without a jury, judgment was rendered against the defendant for the amount demanded, and it has appealed.

The appellant contends that the court erred in its findings. It was found that the respondent was compelled to pay, and that it did pay, the amount of the judgment in the sum hereinbefore stated. The appellant maintains that respondent has not paid the judgment, and that it is therefore not entitled to recover under the terms of the policy. After the judgment was obtained, the appellant refused to settle, and thereupon Currans, the holder of the judgment, sold and assigned it to the Northwestern Improvement Company for the sum of $14,000, paid in cash therefor. Thereafter, at the instance of the insurance company, an appeal to this court was perfected, and the judgment was affirmed. After the affirmance of the judgment here, the board of trustees of respondent by resolution authorized the execution of respondent's note in the sum of $27,629.87 to the Northwestern Improvement Company, assignee of the judgment, the sum being the amount of the judgment and interest, and the note

to be taken and accepted in satisfaction of the judgment. The note was so made and accepted, and the judgment was satisfied of record. The respondent then made demand upon appellant for the amount of the indemnity provided by the policy, and upon appellant's refusal to pay, this suit was brought to recover.

It is urged by appellant that the above facts do not establish a loss on the part of respondent, and that the policy does not provide an indemnity against mere liability, but against loss only. We will pass over a discussion of the question as to whether the policy is an indemnity against liability or not, inasmuch as a decision upon that matter does not seem to be necessary in the determination of this case. Respondent has called to our attention a very interesting New Hampshire case, *Sanders v. Frankfort Marine Accident & Plate Glass Ins. Co.*, 72 N. H. 485, 57 Atl. 655, 101 Am. St. 688, which holds that, under this form of policy, when the insurance company, after receiving notice of the action, comes in and defends the action against the assured, it recognizes liability and the policy then becomes an indemnity against liability. The argument in that opinion is both interesting and forcible, but it is not necessary that we shall either approve or disapprove its conclusions at this time.

Appellant concedes that the policy does provide for an indemnity against loss, but contends that there has been no loss within the meaning of the following provision of the policy, to wit:

"No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue."

The argument is made that there is no loss within the meaning of the above until cash has been actually paid in satisfaction of the judgment. The conveyance of property

in satisfaction of the judgment would certainly establish a loss; at least to the extent of its value. The execution of a note in exchange for satisfaction is in legal effect equivalent to the exchange of property therefor. It confers a right to invoke legal process to seize and levy upon property in value equal to the amount of the note. This precise question under a policy identical with this one was determined adversely to appellant's contention in *Kennedy v. Fidelity & Casualty Co.*, 100 Minn. 1, 110 N. W. 97, 117 Am. St. 658, 9 L. R. A. (N. S.) 478. We quote the following pertinent language from the opinion in that case:

"But the whole argument of appellant rests upon the claim that the mere giving of the notes did not amount to a loss actually sustained, for the reason that the maker of the notes and the guarantor might never be called upon to make payment, might become insolvent, that there is no certainty they will ever be paid, and, if not paid, there is no loss actually sustained. This means that the party assured, no matter what his financial condition might be, would be compelled to raise the actual cash within sixty days and pay it to the judgment creditor, or be foreclosed from enforcing the indemnity against the company. If the position is sound, the money could not be raised by borrowing at a bank, or at any other place, upon promissory notes secured either by a signer or by property, because, before the notes became due, the property might become worthless, deteriorate in value, or the parties might become insolvent, and no actual payment ever be made; hence no loss. Fairly construed, the language means simply that the judgment must be paid and satisfied within sixty days from date of its entry, and, when such judgment is paid or satisfied, the loss is actually sustained. Of what consequence is it to the company whether respondent has on hand immediate cash to pay the judgment, or whether the judgment debtor is compelled to borrow that amount on the most favorable terms, or whether he makes the payment and secures the satisfaction by the execution of promissory notes running direct to the judgment creditor? Logically there is no difference in the method, and in either case it amounts to a payment and satisfaction of the judgment. If the assured accomplished the satisfaction and payment of the

judgment by executing and delivering the promissory notes above described, the good faith of that transaction was hardly open to question, even though it gave the assured the advantage of collecting from appellant company the amount of insurance before the notes came due."

The good faith attending the execution of the note in the case at bar is manifest from the record, and, as said in the above case, that matter is not open to question; since, by means of the note, the respondent accomplished satisfaction and payment of a valid judgment. The Minnesota case cited is also reported in 9 L. R. A. (N. S.) 478. In a note following the case as there reported is the following statement:

"The conclusion reached in the above case, that the giving of a note amounts to a loss actually sustained by the person indemnified within the meaning of a contract of indemnity, where the note is accepted by the creditor as actual payment and satisfaction of the original debt, has the sanction of all the authorities."

In support of the statement the following authorities are cited in the note, all of which we have examined and find to be in point: *Bausman v. Credit Guarantee Co.*, 47 Minn. 377, 50 N. W. 496; *Lee v. Clark*, 1 Hill (N. Y.) 56; *Wilson v. Smith*, 23 Iowa 252; *Gardner v. Cooper*, 9 Kan. App. 587, 58 Pac. 230, 60 Pac. 540; *Pasewalk v. Bollman*, 29 Neb. 519, 45 N. W. 780, 26 Am. St. 399; *Flannagan v. Forrest*, 94 Ga. 685, 21 S. E. 712.

Appellant insists that the maker of the note may be insolvent or that the note may be compromised or settled for a sum less than the indemnity liability in the policy. These matters are held to be immaterial in some of the cases cited. We therefore hold that, within just principles and by eminent authority, the execution and acceptance of respondent's note in satisfaction of the judgment established a loss, and that this action may be maintained upon the provisions of the policy indemnifying against loss.

Other questions suggested by appellant are involved in what has been hereinbefore said, and further discussion is not necessary. The judgment is affirmed.

FULLERTON, RUDKIN, DUNBAR, and CROW, JJ., concur.

MOUNT and ROOT, JJ., took no part.