West Riverside Coal Company v. Maryland Casualty
Company, Appellant.

**Insurance:** CASUALTY POLICY: ACTUAL LOSS: PAYMENT: EVIDENCE.
Under a contract of indemnity against actual loss, and not liability
alone, recovery can not be had except upon proof of actual loss.
In this action the evidence is held to show that the plaintiff under
an employers' liability contract paid a judgment recovered for the
death of an employee with its own funds, and that defendant could
not claim nonliability on the contract on the ground that the
payment was by plaintiff's stockholders and not plaintiff itself.

*Appeal from Polk District Court.*—Hon. W. H. McHenry,
Judge.

Tuesday, April 2, 1912.

The facts are stated in the opinion.—*Affirmed.*

*Miller & Wallingford* and *Oliver H. Miller,* for appellant.

*John A. McCall* and *A. L. Steele,* for appellee.

Sherwin, J.—In 1905 the defendant issued to the
plaintiff a policy of indemnity against "loss from the lia-
bility imposed by law upon the assured from damages on
account of bodily injuries, or death, accidentally suffered
while this policy is in force, by an employee or employees
of the assured." While this policy was in force, C. F.
Brown, an employee of the plaintiff at its mine, was killed,
and thereafter his administratrix brought suit against the
plaintiff to recover damages for his death. In accordance
with the terms of the policy, the plaintiff at once notified

the defendant of the situation, and the defendant employed attorneys, and defended that action. A trial thereof resulted in a judgment in the district court against the West Riverside Coal Company. The Maryland Casualty Company caused an appeal to be taken, and requested the coal company to secure an appeal bond. In accordance with such request, the coal company arranged with Spring and Preston, who were stockholders in the company, to procure a bond, and Spring and Preston procured a bond from the Title Guaranty & Surety Company by depositing with said Title & Surety Company certain shares of stock owned by them. To secure Spring and Preston against loss on account of this bond, the coal company executed its note of $5,000 to them, and secured the same by a mortgage on its property. The judgment against the coal company was affirmed on appeal, and the Title Guaranty & Surety Company notified the coal company that it must be paid. Spring and Preston were then directed by the coal company to procure a loan for said company from one of the banks, offering as security therefor the coal company's note, and an assignment of current book accounts amounting to $8,000. The bank refused to make the loan upon the security of the accounts, and Spring and Preston then arranged with the bank to take the coal company's note for $4,247.80, the amount necessary to pay the judgment against the coal company, and to take as security for its payment the stock belonging to Spring and Preston that had theretofore been pledged to the Title Guaranty & Surety Company for the bond it furnished. And, to secure Spring and Preston against loss on account of the stock thus pledged to the bank, the coal company assigned to Spring and Preston its book accounts, amounting to over $8,000. The money thus procured from the bank was deposited to the credit of the West Riverside Coal Company, and said coal company then paid the judgment against it in favor of Brown's administratrix from said fund. This

action was brought to recover on the policy the amount
so paid. There was a directed verdict for the plaintiff and
a judgment thereon from which the defendant appeals.

The controversy here centers around the appellant's
contention that the plaintiff did not in fact, pay the judg-
ment, and hence has suffered no loss. It is urged with
much persistence and ability that the judgment was in
fact paid by Spring and Preston, and that they are the
real parties seeking recovery from this defendant. It is
true, of course, that the defendant never undertook to pro-
tect Spring and Preston against loss. Its obligation was to
the coal company alone, and it is elemental that its lia-
bility can not be extended beyond the terms of its con-
tract. It contracted to indemnify the coal company against
actual loss, and not against liability alone, and it is mani-
fest that the plaintiff can not recover except upon proof
that it has suffered actual loss in the payment of the judg-
ment against it. *Cushman v. Carbondale Fuel Company et
al.,* 122 Iowa, 656.

But, notwithstanding the strictness of this rule, we are
of the opinion that it must be held as a matter of fact and
law that the plaintiff did pay the judgment in question,
and that, because of such payment, it has suffered a loss
within the meaning of its contract with the defendant.
It may be conceded for the purposes of this case that at
the time the money was procured from the bank the coal
company was to some extent, at least, financially involved,
and that it did not then have property available for the
purpose of meeting the security requirements of the bank.
But Spring and Preston were willing to assist the plaintiff
to the extent of furnishing security that was acceptable
to the bank, and to take, as their security for so doing,
the property of the plaintiff which had been rejected by
the bank. The net result of the transaction was that the
bank furnished the plaintiff money on the strength of the
security that Spring and Preston had furnished plaintiff

for the purpose of procuring the money from the bank. The situation would not have been different from a legal standpoint had the bank furnished the money on the plaintiff's note bearing the signature, or indorsement, of Spring and Preston, in either of which events the money received by the plaintiff on the note would have been its own money, and, when it paid a part or the whole of it to satisfy the judgment in question, it would have sustained an actual loss, because its own funds were depleted to that amount. If the appellant's proposition, broadly stated, be true, it would not be liable in any case where the assured was compelled to borrow money to pay such a judgment, unless the borrowed money had been repaid. In other words, it is claimed that the defendant is not liable so long as the assured is indebted to a third party for the money with which the claim against the assured was paid. In our judgment it is no concern of the indemnity company whether a third party creditor may eventually suffer on account of the transaction. The plaintiff in fact and in law paid out his own money, and the defendant can not further question the transaction. *Lyon v. Northrup,* 17 Iowa, 314; *Wilson v. Smith,* 23 Iowa, 252; *Kennedy v. Casualty Co.,* 100 Minn. 1 (110 N. W. 97, 9 L. R. A. (N. S.) 478, and note, 117 Am. St. Rep. 658, 10 Ann. Cas. 673); *Seattle & S. F. R. Co. v. Maryland Casualty Company,* 50 Wash. 44 (96 Pac. 509, 18 L. R. A. (N. S.) 121).

It is suggested by the appellant in argument that there was collusion between Spring and Preston and the plaintiff, and that the payment of the judgment was a sham. The record contains no foundation for such suggestion, nor do the pleadings raise any such issue. Complaint is made of rulings excluding evidence offered by the defendant, touching the plaintiff's financial condition and its credit at the bank in question. In our view of the case, as already expressed, these matters were of no moment and

were properly excluded. There was no error in directing a verdict for the plaintiff, nor in refusing the defendant's motion for a new trial, and the judgment must therefore be *affirmed*.