MINNIE GUTRIDE, as Administratrix, etc., of LOUIS GUTRIDE Deceased, Plaintiff, *v.* GENERAL REINSURANCE CORPORATION and LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, Defendants.

Supreme Court, Special Term, New York County, May 17, 1938.

*Frank & Gonnet*, for the plaintiff.

*Cabell, Ignatius & Lown*, for the defendant General Reinsurance Corporation.

*Lester Weil*, for Louis H. Pink, Superintendent of Insurance of the State of New York, as liquidator of the Consolidated Indemnity and Insurance Company.

PECORA, J. This is a motion by both defendants to dismiss the complaint for insufficiency.

Plaintiff recovered a judgment in the sum of $25,000 against Suburban Road Corporation for negligence resulting in the death of the intestate. The judgment debtor was covered by a policy with the Consolidated Indemnity and Insurance Company now in the hands of the Superintendent of Insurance as liquidator. Under a contract of reinsurance between the insolvent company made while it was solvent, and General Reinsurance Corporation, the latter assumed liability for losses above a basic $5,000. This reinsurance policy was not made specifically to cover this situation but was a blanket policy to cover future situations. The present reinsurance contract was made prior to the negligence which resulted in plaintiff's cause of action. As the Consolidated Indemnity Company is insolvent, plaintiff seeks to recover $20,000 from the General Reinsurance Corporation, being the coverage under the reinsurance contract. Plaintiff also seeks a declaratory judgment to the effect that the Superintendent of Insurance is not entitled to receive any portion of the benefits under the reinsurance contract, and that the payment should be made direct to the plaintiff.

It is well settled that there is no privity of contract between the plaintiff and either one of the defendants. To obviate the hardships which arose by reason of that fact and the inability of

the plaintiff in such a case to claim the benefits of a defendant's insurance contract of indemnity, section 109 of the Insurance Law was passed. Under that statute plaintiff was given the right of recourse against the negligent party's insurer. Such a recovery was denied in *Greenman* v. *General Reinsurance Corporation* (237 App. Div. 648; affd., 262 N. Y. 70) against the reinsurer. While it is clear that plaintiff has recourse against its insurer under the provisions of section 109 of the Insurance Law, the statute would have to be stretched considerably to include liability of the reinsurer. That section is in derogation of the common law and has been strictly construed in *Jackson* v. *Citizens Casualty Co. of New York* (277 N. Y. 385), where a right of recovery was denied to an assignee of a claimant who was endeavoring to obtain the benefits of the statute. The court held that those advantages are to be deemed personal and to exclude others than the claimant. By a parity of reasoning it would seem to follow that the liability of the insurer to the claimant excludes the liability of a reinsurer under the rule of strict construction. Plaintiff cites *Fidelity & Deposit Co.* v. *Pink* (302 U. S. 224), decided December 6, 1937, to the effect that it has changed the rule in *Allemannia Fire Insurance Co.* v. *Firemen's Insurance Co.* (209 U. S. 326). The latter case held that under the given policy the insurer could adjust the full loss and demand the reinsurer's share of the adjustment even prior to payment of loss, whereas it is claimed that under the *Fidelity & Deposit* case no demand could be made upon the reinsurance company until the insurer had paid the loss. Under that construction plaintiff contends that the reinsurer would escape scot-free because the insurer is insolvent and could not pay. Hence she argues that the changed situation should permit a more liberal construction of section 109 of the Insurance Law so as to permit direct recourse of the plaintiff against the reinsurer.

I cannot entirely accept the statement of the plaintiff that the *Allemannia* rule has been reversed by the later case or that the reinsurer would virtually go scot-free as the result of that decision. A reading of the policy in the instant case and the rights given to the insurer represented as here by the Superintendent of Insurance to have recourse on losses in excess of $2,500 without prior payment, contradict any such gloomy foreboding. It is unfortunate that the salutary purpose of the law was not extended so as to include under the benefits of section 109 a right of recourse against the reinsurer as well as the insurer, but I must accept the statute as it reads.

The motion to dismiss the complaint is granted, without costs. Settle order.