## FISCHER v. EXCESS INS. CO. OF AMERICA.

### No. 34.

District Court, N. D. Iowa, W. D.

Feb. 19, 1940.

Frank Maher, Francis J. Mullen, and John M. Schaupp, all of Fort Dodge, Iowa, for plaintiff.

B. B. Burnquist, of Fort Dodge, Iowa, for defendant.

SCOTT, District Judge.

A civil action by Fischer, receiver of Standard Mutual Automobile Association of Council Bluffs, Iowa, hereinafter referred to as the Reinsured, against the Excess Insurance Company of America, hereinafter referred to as the Reinsurer, to recover $14,500, being an aggregate of amounts alleged to be due Reinsured on account of losses sustained because of maturity of three third party automobile public liability policies.

Plaintiff's claim is based upon a policy of reinsurance issued by the Reinsurer to the Reinsured by the terms of which for a premium paid the Reinsurer agrees to reinsure the Reinsured "as respects all Third Party Automobile Public Liability policies, * * * becoming effective while this Contract is in force and agrees to repay any amounts of ultimate net loss which the Company may pay in excess of the first Three Thousand Dollars ($3,000) on account of any one person injured or killed in any one accident; but the liability of the Reinsurer shall in no event exceed Twenty-Two Thousand Dollars ($22,000) on account of one person injured or killed in any one accident nor Forty-Seven Thousand Dollars ($47,000) for two or more persons injured or killed in any one accident."

Said policy provides:

"Section II. The term 'ultimate net loss' shall be understood to mean and shall mean the sum actually paid in cash in settlement of losses for which the Company is liable, after making proper deductions for all recoveries, salvages and other reinsurances

or insurances, and shall exclude all expenses. for salaried employees incurred in investigation, adjustment and litigation. Other .loss and legal expenses, including court costs, incurred with the consent of the Reinsurer shall be apportioned in proportion to the respective interests as finally determined."

"Section III. The liability of the Reinsurer shall commence simultaneously with .that of the Company and shall be subject in all respects to all the general and specific stipulations, clauses, waivers and modifications of the original policy or other undertaking and any endorsements or riders thereon."

The complaint in substance alleges that during the year 1937 Reinsured issued three third party automobile public liability. policies to Ernest Kaufman, Oscar Lundberg and Herman Gustoff respectively, each limited to $5,000 for loss on account of accident resulting in bodily injuries or death to one person, and to $10,000, for loss on account of any one accident resulting in bodily injuries or death to more than one person.

That on December 26, 1937,. while his policy was in force, Ernest Kaufman drove his insured car into collision with another motor vehicle resulting in bodily injury to Nat Jackowell and Donald C. Dushek and .resulting in the death of Ethel Dushek, Donn Dushek, Merlyn Hall and Fred C. Wright. That thereafter Ernest Kaufman died and judgments totaling $36,000 were recovered against his administrator on account of said injuries and deaths as follows: Nat Jackowell $10,000, Donald C. Dushek $1,500, and on account of the deaths of Ethel Dushek $5,000, Donn Dushek $3,500, Merlyn Hall $8,000, and Fred C. Wright $8,000. And after the occasion of the insolvency of the Reinsured and the appointment of. a receiver, said judgments were filed as claims in the receivership and allowed in the aggregate sum of $10,000, being the limit of said third party policy allocated as follows: Donald C. Dushek $416.67, Nat Jackowell $2,777.77, Donald C. Dushek, administrator of the estate of Ethel Dushek, deceased, $1,388.-89, Donald C. Dushek, administrator of the estate of Donn Dushek, deceased, $972.23, Ervin E. Hall, administrator of the estate of Merlyn Hall, deceased, $2,222.22, Chas. F. Wright, administrator of the estate of Fred C. Wright, deceased, $2,222.22, total $10,000.

That on October. 10, 1937, while his policy was in force, Oscar Lundberg drove his insured car into collision with another motor vehicle resulting in the death of Evelyn E. Francis. That · thereafter William Francis, administrator of the estate of Evelyn E. Francis recovered judgment against Oscar Lundberg on account of damages to decedent's estate in the sum of $4,500, and on account of damages sustained in his own behalf in the sum of $500. Said judgments were filed as a claim in said receivership and allowed in the total sum of $3,500.

That on December 22, 1937, while his policy was in force, Herman Gustoff drove his insured automobile into collision with another motor vehicle resulting in inflicting bodily injury upon Vernon Clark and Rhoda Clark his wife and upon Russell Clark his son, and in the death of Hollis Clark his son. That claims for injuries sustained by Rhoda Clark and Russell Clark were assigned to Vernon Clark and action brought and judgment obtained on said claims for injuries to Vernon Clark, Rhoda Clark and Russell Clark against Herman Gustoff in the aggregate sum of $4,750. And that an action was brought as administrator of the estate of Hollis Clark against Herman Gustoff and judgment recovered in the sum of $6,000, and that said judgments so rendered in favor of Vernon Clark and Vernon Clark as administrator, were filed in said receivership and allowed in the aggregate sum of $10,000.

The complaint further in substance alleges that the assets in the receivership of Reinsured are insufficient to pay in excess of twenty-five per cent of the amount of claims allowed to general creditors, including claims arising under third party automobile public liability policies, and that dividends which will be paid in the receivership to the holders of judgments on account of the Kaufman accident, will not exceed the sum of $2,500; and that dividends which will be paid in the receivership to the holders of judgments on account of the Lundberg accident, will not exceed the sum of $900; and that dividends which will be paid in the receivership to the holders of judgments on account of the Gustoff accident, will not exceed the sum of $2,500.

After alleging in substance as stated, plaintiff's complaint proceeds to allege liability of Reinsurer of the amount in excess of $3,000 in which the claims were

allowed in the receivership proceedings, that is to say, a balance of $7,000 allowed on account of the Kaufman third party policy, $500 allowed on account of the Lundberg policy, and $7,000 allowed on account of the Gustoff policy, making the aggregate of $14,500 prayed for.

The concluding part and prayer of the complaint and plaintiff's brief and argument at the bar proceed upon the theory that the instant policy of reinsurance insures the Reinsured against liability as in case of the policy considered in Allemannia Fire Insurance Co. v. Firemen's Insurance Company, 209 U.S. 326, 28 S.Ct. 544, 52 L.Ed. 815, 14 Ann.Cas. 948, whereas the defendant contends the instant policy is a policy for indemnity against net loss sustained through the payment of a limited number of dollars, and that such policy does not mature until such loss has been sustained by such payment, as in Fidelity & Deposit Company of Maryland v. Louis H. Pink, et al., 302 U.S. 224, 58 S.Ct. 162, 82 L.Ed. 213. The defendant also stresses Stickel v. Excess Insurance Company of America et al., 136 Ohio St. 49, 23 N.E.2d 839, in which was construed an identical policy in a case against the present reinsurer. The plaintiff stresses as controlling, Globe National Fire Insurance Company, Appellee, v. American Bonding & Casualty Company et al., Appellants, 198 Iowa 1072, 195 N.W. 728, 200 N.W. 737, 35 A.L.R. 1341. I shall refer to the last case as the Globe case.

I take the statement of the Globe case from the opinion, 198 Iowa 1072, 195 N.W. 728, 200 N.W. 737, 35 A.L.R. 1341:

"This is an action in equity in the name of the Globe National Fire Insurance Company, as plaintiff, to recover upon certain reinsurance contracts, which it alleges were entered into by the defendant the American Bonding & Casualty Company for its benefit and for certain equitable relief. The contracts of insurance indemnified the American Bonding & Casualty Company against loss on account of two surety bonds for $50,000 each, executed by the Union Trust & Savings Bank as principal and the bonding company as surety, to secure the Globe National Fire Insurance Company against loss as a depositor of the aforesaid bank. Both principal and surety becoming insolvent, a receiver was appointed for the former February 16, 1921, and for the latter February 26th of the same year. The receiver for the bonding company filed a cross-petition and asked judgment on the reinsurance contracts for the benefit of plaintiff. Judgment was entered in favor of plaintiff against the surety on the two bonds in the aggregate sum of $96,702.59, and against each of the reinsurers for the full face of their respective contracts and in the aggregate sum of $77,500. Judgment was also entered on the reinsurance contracts in favor of the receiver for the above amount for the benefit of plaintiff. The court also established the claim of plaintiff as a preferred claim and ordered it paid out of proceeds received on the judgments entered. All of the reinsurers appeal. Affirmed."

"Appellee alleged in its petition that the depository bonds were executed by the American Bonding & Casualty Company as surety for the Union Trust & Savings Bank upon a specific oral agreement that it would reinsure the risk for its benefit." Evidence was offered in support of the allegation, which evidence was uncontradicted. The evidence showed that the Union Trust & Savings Bank desired the deposit of the Globe National Fire Insurance Company, but the Bank being new and of limited resources, the Globe whose deposit would fluctuate and at times be very large, declined to give the Bank its account without security, and the reinsured bonds were furnished by the Bank for the particular benefit of Globe. "The only defense interposed to appellee's cause of action is that it is neither a party to, or in privity with, the reinsurance contracts and is not the real party in interest, and therefore cannot maintain an action thereon." The Court below and the Supreme Court on appeal, construing the reinsurance contract together with the oral agreement, held the same to insure the liability of the Bank to Globe, and that the reinsurance was provided for the particular benefit of Globe. "The right of the receiver of the American Bonding & Casualty Company to recover upon the cross-petition is challenged upon the ground that the bonding company has paid no part of the loss, and that no recovery can be had in the name of the receiver until such loss has been paid." In these circumstances and the case being in equity, the Court granted relief without the necessity of payment first, and I think clearly upon the theory that the contracts and the oral agreement taken together constitute liability reinsurance as distinguished from

mere indemnity reinsurance. No such circumstances are present in the instant case.

 The reinsurance policy in this case makes certain beyond peradventure that the Reinsurer undertook to indemnify for a loss actually sustained only, and not to make good liability. The language of the reinsurance policy is even clearer and more definite than the contract in the Pink case, supra. No Iowa case has been called to my attention, and I have been able to find none, holding to a rule inconsistent to that applied in the Pink case. The Globe case is clearly distinguishable. Cushman v. Carbondale Fuel Co. et al., 122 Iowa 656, 98 N.W. 509, and West Riverside Coal Company v. Maryland Casualty Company, 155 Iowa 161, 135 N.W. 414, 48 L.R.A.,N. S., 195, are both consistent with the Pink case.

If the only obstacle in the way of relief to the plaintiff was the fact that Reinsured had not paid its loss to the holders of the third party automobile public liability policies, I am inclined to the opinion that this Court proceeding under the Rules of Civil Procedure, 28 U.S.C.A. following section 723c might grant relief. The Pink case was of course tried before the Rules of Civil Procedure were promulgated, and was a suit at law with a legal defense clearly pleaded and proven. Under the Rules of Civil Procedure this Court may now in any "civil action" exercise its full equity powers, and might possibly under either of two hypotheses grant relief. That is under Rule 18(b), or by the application of a well known equitable maxim that "equity will regard that as done which ought to be done", and proceed to administer relief. The difficulty confronting the Court in this case, however, is not merely procedural, it goes to the very existence of the cause of action attempted to be stated in the complaint. The policy issued by the Reinsurer is not only a contract of indemnity for a loss already suffered, but it deals with an excess loss only. That is to say, the Reinsurer "agrees to repay any amounts of ultimate net loss which the Company may pay *in excess of the first Three Thousand Dollars ($3,000) on account of any one person injured or killed in any one accident."* Now it is beyond dispute that the largest amount for which Reinsured was liable on its third party policy for the death or injury of any one person injured in any one accident was $2,-777.77 due Nat Jackowell. This being an indemnity contract as distinguished from a liability contract, it therefore follows that there never has been an excess over the base deductible sum $3,000. Such being the case Reinsurer never became liable on its limited contract of reinsurance of the prescribed excess. Indeed, assuming the limit of dividends to be declared to be twenty-five per cent, as alleged in the petition, Nat Jackowell's claim will never be paid, except to the extent of one-fourth of $2,777.77, and the plaintiff's trust will never be diminished by reason of such payment in a greater sum than $694.44. I think the conclusion is inescapable that the complaint in the instant case fails to state a claim upon which relief can be granted, and that the defendant is entitled to a judgment of dismissal and for costs.

And it is so ordered.