ROBERT H. BURGIN and others v. JOHN D. BURGIN and others.

*Judicial Sale—Purchaser—Husband and Wife—Account.*

1　Where a purchaser of land under decree of court fails to pay the price, the title will not be made even although there be a confirmation of the

BURGIN *v.* BURGIN.

sale. And if the land in such case be sold under an execution against said purchaser, the purchaser thereof takes subject to the equities against the defendant in the execution.

2. Upon partition proceedings to sell land which descended to a feme covert (and others) it appeared that a note for the wife's share of the purchase money was given to the husband who consented to a credit for the amount of said note to be placed upon the original bond of the purchaser to the clerk; *Held*, that the share of the wife was realty, and the act of the husband in taking the note and consenting to the credit did not amount to a payment to the wife.

3. In such case it is proper to order an account of the unpaid purchase money with a view to a specific performance of the contract.

(*Ex Parte Yates*, 6 Jones Eq., 306 ; *Edney* v. *Edney*, 80 N. C., 81 ; *Etheridge* v. *Vernoy, Id.*, 78 ; *Dozier's Heirs*, 1 Dev. Eq., 118 ; *Bryan* v. *Bryan, Id.*, 47 ; *Oliver* v. *Dix*, 1 Dev. & Bat. Eq., 605 ; *Scarlett* v. *Hunter*, 3 Jones Eq., 84 ; *Hicks* v. *Skinner*, 71 N. C., 539 ; *Johnson* v. *Lee*, Busb. Eq., 43, cited and approved.)

PETITION to sell land for assets (transferred from the late court of equity) heard at Fall Term, 1879, of McDOWELL Superior Court, before *Schenck, J.*

This was a bill filed in the court of equity to sell land for partition between plaintiffs and defendants as heirs at law of James Burgin, deceased, and one other claiming the share of one of the heirs by assignment, and at the sale under a decree in the cause, defendants L. E. Burgin and John D. Burgin became purchasers of one of the tracts at eighteen hundred and sixty-eight dollars and secured the same by their bond with surety to the clerk and master, and on report filed, the sale was confirmed by the court.

On the organization under the constitution of 1868, the said cause was transferred to the docket of the superior court, (made successor to the courts of equity in causes therein pending,) and an order was made referring it to a referee to ascertain and report the distributive shares of each person entitled, how much received by each, and how much

still due, and whether the purchasers had paid the purchase money, and if so, to whom, and how much.

The referee reported that the purchasers had paid up in full the shares of all the heirs, as appeared by their respective receipts for the same, and that all the purchase money had been paid except a balance of sixty-three dollars and thirty-two cents, which was still due and owing, and on the filing of the report, the same was confirmed by the court.

While matters stood in this situation and without any title having been conveyed to said purchasers, a notice was served on them by the plaintiff in the suit through their attorneys of a motion to be made in the cause at fall term, 1879, to have the lands purchased by them sold by decree of the court to satisfy the purchase money, and at the hearing of the motion, R. H. Burgin by affidavit showed that about 1866 the purchasers executed their note to him for his wife's share in the proceeds of sale, for which he gave receipt, and so likewise to some others of the heirs, and that the notes so given had never been paid.

In opposition to this motion, Thomas Y. Lytle and B. F. Bynum, by leave of the court, were received upon their affidavit to show that they were the owners of the land (now sought to be sold) as purchasers at a sale by the sheriff of McDowell county, under an execution against John D. Burgin. Besides the facts deposed to by these affidavits, His Honor found that at the time the note of the purchasers was executed to R. H. Burgin a credit for the amount, by consent of said R. H. Burgin, was entered on the original bond of the purchasers to the clerk and master, and that John D. Burgin is insolvent, and no part of said note has been paid.

Upon these facts R. H. Burgin, by counsel, moved His Honor for an order of account to ascertain the unpaid purchase money, and of the transactions with the clerk and

master in regard to the fund, with a view to subject the land to the payment of the note given to him, and for such orders as were necessary to enforce the same, but His Honor disallowed the motion, and the plaintiffs appealed.

*Mr. W. H. Malone,* for plaintiffs.
*Mr. D. G. Fowle,* for defendants.

DILLARD, J., after stating the case. We think His Honor, upon the affidavits in support of the motion and in opposition thereto, and on the facts found by himself, was in error in disallowing the motion to ascertain the unpaid purchase money, with a view to a specific performance of the contract by the purchasers under the orders of the court.

By the confirmation of the sale, the heirs, selling through the agency of the court, had the right to have a specific execution of the contract by payment of the purchase money on the part of the purchasers, and were themselves under obligation to perform their part of the contract by executing title simultaneously, or having it done through a commissioner appointed for that purpose. *Ex Parte Yates,* 6 Jones Eq., 306; *Edney* v. *Edney,* 80 N. C., 81; *Etheridge* v. *Vernoy,* 80 N. C., 78; Rorer on Judicial Sales, § § 152, 153; *Miller* v. *Feezor, ante* 192.

Here, it appeared from the bill in equity, and by the affidavit of R. H. Burgin, to whom the purchasers gave their bond for two hundred and forty dollars, and from whom they took receipt, and by whose consent a credit was entered on their bond to the clerk and master, that said R. H. Burgin was not an heir of James Burgin, but that his wife was the heir. And this being so, the share of the wife was in law realty to be invested and settled under the orders of the court, so as to be secure unto her or her real representatives. Bat. Rev., ch. 84, § 17, same as in Revised Code, ch. 82, § 7.

The husband, even if the money had been paid into the office, could not have received it and given a good acquittance to the clerk and master therefor.   The only way in which he could make the money his own, or exercise any control of it, would have been in some mode upon privy examination of the wife as in conveyances of land itself. *In re Dozier's Heirs*, 1 Dev. Eq., 118; *Bryan* v. *Bryan*, 1 Dev. Eq., 47.   The husband's act in securing the note of the purchasers, and consenting to the entry of a credit on their bond to the master, was equally beyond his power to do, and the arrangement that was made amounted to nothing as a payment on the purchase money, and left the purchasers liable as before, to pay the money before they could be in a position to ask for title.

The case of a judicial sale on confirmation is attended with the same reciprocal rights as between the parties asking the sale and the purchaser, as exists in a contract of private sale between vendor and vendee under articles. And in each case, the title being retained, no decree of specific performance, consistently with the rules which regulate the discretion of the chancellor, will be made for either party without a valuable consideration paid or offered to be paid at or before the time of the decree.   Adams Eq., 78; 1 Story Eq., §§ 750, 769, 787; *Oliver* v. *Dix*, 1 Dev. and Bat. Eq., 605.

The bond that was given to R. H. Burgin was unauthorized and no payment, as we have seen.   Even if the power existed in the husband thus to arrange with the purchaser, the bond has not been paid, and the purchasers are insolvent and unable to pay, and in such case, no court will declare a trust of the retained legal title and compel its conveyance to the purchaser.   The giving the bond of the purchaser is not a payment, but at most only an attempted substitution of one security for another, and the same not being paid, the parties' equities existed as before, that is to

say, the heirs held the legal title in trust to secure the purchase money, and then for the purchasers, and the purchasers had the equity on payment of the purchase money to call for the title.  1 Story Eq., § 789; *Scarlett* v. *Hunter*, 3 Jones Eq., 84.

Such being the rights of the heirs and the purchasers as between themselves, how stands the case with respect to Lytle and Bynum claiming by purchase at sheriff's sale under execution against the purchasers?

It is the established doctrine under many decisions of this court that a purchaser at sheriff's sale only acquires such right in land as the judgment debtor was competent to convey, and that he takes the same subject to any equities or legal rights existing against the judgment debtor in relation thereto.  *Hicks* v. *Skinner*, 71 N. C., 539; *Johnson* v. *Lee*, Busb. Eq., 43.  Lytle and Bynum then, if indeed any title passed to them under the sale at which they bought, can only claim to hold just as the judgment debtor held and to have their equity for title in the same manner as he had it.  The purchasers, under whom they claim, we have seen, could not ask for and compel by decree of court an execution of title to them without payment of the money, and so neither can they (claiming by act of law) have the title except on payment of the purchase money.

We hold, therefore, that notwithstanding the opposition of Lytle and Bynum, His Honor on the showing made should have instituted the proposed inquiry as to the payment of the purchase money as preliminary to ulterior orders for the reciprocal performance in specie of the contract of purchase, and the judgment of the court below disallowing the motion of plaintiff is reversed.  This will be certified that further proceedings may be had in conformity to this opinion.

Error.                                        Reversed.