## BRAGG v. THOMPSON.

1. A judgment rendered against a party at that time deceased, is void, notwithstanding his sole executor was a defendant in the same action, but in his individual capacity.
2. But an execution, regular in form, issued upon such void judgment, was a mandate to the sheriff, which it was his duty to obey, whether it proceeded from a court of general or limited jurisdiction, and he will be protected in everything done in the due and proper execution of such process.
3. A transcript of a trial justice's judgment having been docketed and enrolled in the Court of Common Pleas, an execution issued thereon, signed by the trial justice, but tested by the clerk of the Circuit Court under his official seal on the margin, was in proper form and a legal execution.
4. The purchaser, at a sale under such void judgment, may recover from the sheriff so much of the proceeds of the sale as had not been paid to the plaintiff in execution before notice had by the sheriff of any defect in the judgment.
5. A new trial *nisi* granted by this court.

Before WALLACE, J., Spartanburg, October, 1882.

This was an action by Jonas B. Bragg against W. W. Thompson and Roddy Landford, executor, commenced September 10th, 1880. The opinion states the case.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. Bobo & Carlisle,* contra.

August 22d, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. In May, 1877, one R. M. Smith, as administrator, obtained a judgment before Trial Justice A. B. Woodruff, Esq., for $74.47, against J. B. Landford, Roddy Landford and William Landford, defendants. A transcript of the judgment was filed in the clerk's office of the county, and execution issued thereon in the usual form, addressed to the sheriff of Spartanburg county, signed by the trial justice, but tested, "witness, F. M. Trimmier, clerk of the said court of

Spartanburg, October 12th, 1877," with the official seal of the clerk attached.   At that time the defendant, W. Wash. Thompson, was sheriff of Spartanburg county, and, by direction of Smith, the plaintiff, he levied the execution on a certain tract of land as the property of William Landford, one of the defendants in execution, and sold the same at sheriff's sale; and it was bid off by one L. Landford, for $235, but he transferred his bid to the plaintiff, Bragg, who paid the bid and received sheriff's titles.

From the proceeds of sale thus received, the sheriff paid Smith, the plaintiff, $74.61, taking from him a refunding receipt for the amount paid to the trial justice, Woodruff, costs, $8.25; clerk's costs, $3.75; advertising, $2.80; his own costs, $9.28, and $25.00 to J. S. R. Thomson, on an order of Roddy Landford, executor, leaving in his hands the sum of $111.31, as to which the sheriff received notice from Roddy Landford, as executor, not to pay it out to any one except to him, as the sole surviving executor of William Landford, deceased.   The sheriff testified that until after the above payments were made, " he had no knowledge or suspicion as to any defects in the judgment, and said payments were made in good faith and without notice." Afterwards, upon some claim, the character of which did not appear, the said tract of land was recovered by one Elias Landford from the purchaser, Jonas B. Bragg, who thereupon commenced this action against W. Wash. Thompson, the sheriff, to recover back the purchase-money paid by him for the land so lost.   The plaintiff was allowed to prove by parol that, at the time the suit was brought before the trial justice, two of the parties named as defendants were dead, viz., J. B. Landford and William Landford.   It appeared that of the parties sued, only Roddy Landford was served, and that he was the sole surviving executor of William Landford.

The Circuit judge charged the jury that, if William Landford was dead, prior to the suit, the transcript judgment was absolutely void as to him, which rendered the sale of the land as his property also void, and the plaintiff had the right to recover the money, with interest, from the one who undertook to sell the land and received the money for the same; that in such sale the

rule of *caveat emptor* did not apply; "that even if defendant paid out the money in good faith, and without knowledge of William Landford's death, he is still liable for the whole amount, and his only recourse was back upon those to whom he had paid the money; that there was a presumption in favor of the jurisdiction of the Court of Common Pleas, but no such presumption obtained in relation to trial justices' courts; that transcripts from such courts only had effect to authorize the sheriff to make such levy as the constable could not make; that the sheriff had no right, from what appears on this execution, to presume that such judgment and execution were regular and valid. When jurisdiction is wanting in a trial justice's court, the purchaser gets nothing, and is entitled to recover back the money paid. The presumption of all being right, does not apply to the execution in this case," &c. Under the charge of the judge, the jury found for the plaintiff $269.06, the whole amount of the purchase-money, with interest, and the defendant, W. Wash. Thompson, appeals upon the following exceptions:

1. "In admitting testimony to show that William Landford was dead before the suit commenced against him.

2. "In ruling that such fact could be shown in a suit at law like the present.

3. "In charging that if William Landford was dead prior to said suit against him, the judgment was absolutely void and not worth the paper it was written upon.

4. "In charging the jury that if they find no summons had been served on William Landford, and that they are obliged so to find, then, as a legal consequence, the judgment and sale are void, and the plaintiff has the right to recover the money from the one who undertook to sell, and who received the money on such sale.

5. "In charging that at such sale the rule of *caveat emptor* does not apply.

6. "In charging that plaintiff was further entitled, upon recovery, to interest from commencement of the action upon the amount paid defendant.

7. "In charging that even if defendant paid out the money in good faith and without knowledge of Wm. Landford's death,

he is still liable for the whole amount, and his only recourse is to recover from those to whom he has paid.

8. " In charging that none of the parties to whom defendant, W. Wash. Thompson, has paid money, are proper or necessary parties to this action.

9. " In refusing to charge that, under the facts and testimony in this case, the jury cannot find a verdict against W. Wash. Thompson in this action.

10. " In refusing to charge the jury that, under the facts and testimony in this case, the jury cannot find against W. Wash. Thompson a verdict for the money which in good faith and without notice he paid to R. M. Smith.

11. " In refusing to charge that it devolved upon Bragg to show that both himself and his assignor were ignorant of the facts, before Bragg can recover the $235 in this action.

12. " In refusing to charge that the defendant, W. Wash. Thompson, can in no event be held liable in this action for that part of the money paid out in good faith to Dr. R. M. Smith, before any notice from plaintiff, and without knowledge of the defect in the judgment.

13. " In refusing to charge that R. M. Smith is a necessary party to this action.

14. " In charging that the sheriff has no right, from what appears on this execution, to presume that said judgment and execution were regular or valid, and that no such presumption obtained in relation to trial justices' courts, and that transcripts from such courts only had effect to authorize a sheriff to make such levy as the constable could not make."

We do not regard it necessary, in this case, to consider the difference between a judgment obtained in the Court of Common Pleas and one rendered before a trial justice in respect to the force of presumptions in the two cases respectively, for that distinction is only of consequence when the inquiry is whether the judgment is merely voidable for irregularity, or is absolutely void on account of some jurisdictional defect. If the latter, testimony is admissible to show it either in collateral or direct proceedings, and the result must be the same, without reference to the character of the jurisdiction in which the judgment was

obtained. As William Landford was dead before suit was brought against him, and his surviving executor, Roddy Landford (although one of the defendants), was not sued or served as the executor of William Landford, we must consider the judgment as to him absolutely void, without regard to the jurisdiction in which it was rendered.

But the important question is, whether the execution, as it went into the hands of the sheriff, was in form regular, or so irregular as fairly to put W. Wash. Thompson, as an officer, upon his guard, and make it his duty to go down to the office of the trial justice and look through the whole record to see if it was formal and legal before he ventured to obey the positive mandate it contained, requiring him to execute it. The sheriff is a ministerial officer. He is neither judge nor lawyer. It is not his duty to supervise and correct judicial proceedings; but, being an officer of court, ministerial in character, he cannot impugn its authority nor inquire into the regularity of its proceedings. His duty is to obey. This principle applies alike to him, whether the execution issues from a court of general or limited jurisdiction. "It is too well settled to be questioned, that in an action against a ministerial officer, whether it issue from a court of general or of limited jurisdiction, if the process be regular upon its face—as to him it is a sufficient protection— he is not bound to look behind it. Nor is the protection of the judgment at all necessary." *Traylor* v. *McKeown*, 12 *Rich.* 251. And see *Hunter* v. *McElhany*, 2 *Brev.* 104; *McCool* v. *McCluny*, *Harper* 489; *Foster* v. *Gault*, 2 *McMull.* 336; *McWorter* v. *Reid*, 1 *Hill* 369.

This is the general law as is well stated in *Herm. Exec.*, § 151: "One of the effects of final process is the protection which it affords to the officer while acting according to its exigencies. Being the delegated agent of the court, if the court has jurisdiction to issue an execution, the officer to whom such writ is directed, and all his deputies under it, are protected. He is protected whether the execution issued from a court of general or limited jurisdiction, although such court has not, in fact, jurisdiction of the case or even of the debtor, provided it appears on the face of the writ that the court has jurisdiction of the

subject-matter, and the process in other respects shows no want of authority, and whether it is regular or irregular is of no importance to the officer, except when he participates in the irregularity. The law affords him this protection for the reason that he, being an officer of the court, cannot impugn its authority nor inquire into the regularity of its proceedings," &c. See *Freem. Exec.*, § 101; *Crock. Sher.*, §§ 283, 56.

Was the execution, under which the sheriff acted, issued by a court having jurisdiction of the subject-matter, and regular in form? The plaintiff insists that the execution was irregular and void upon its face, for the reason that, being based on a transcript judgment from a trial justice's court, it was not issued by the clerk of the Court of Common Pleas as the law directs. Section 87 of the code provides that, "A trial justice, upon the demand of a party in whose favor he shall have entered a judgment, shall give a transcript thereof, which may be filed and docketed in the office of the clerk of the Circuit Court of the county where the judgment was rendered. The time of the receipt of the transcript by the clerk shall be noted thereon and entered in the docket; and from that time the judgment shall be a judgment of the Circuit Court," &c. And subdivision 13 of section 88, concerning rules of procedure in trial justice courts, declares as follows: "If the judgment be docketed with the clerk of the Circuit Court, execution shall be issued by him to the sheriff of the county, and have the same effect and be executed in the same manner as other judgments and executions of the Circuit Court," &c.

In this case the transcript judgment was duly docketed and enrolled. The execution thereon was in the usual form, and after reciting that judgment had been rendered in the trial justice court against J. B. Landford, Roddy Landford and William Landford, as appears by the judgment-roll in the office of the clerk of Common Pleas for Spartanburg county, was signed by A. B. Woodruff, trial justice, but tested by F. M. Trimmier, clerk of the court, under his official seal. Can it be said that this process was not issued by the clerk? It was his signature and seal that stamped it an execution; and we do not

see that they were less effective for that purpose by being on the margin of the paper which was signed by the trial justice. Under the old practice in this State, process was generally signed by the attorney and tested by the clerk by signing his name and affixing his seal in the margin. That was "issuing" the process. Worcester's definition of "issue" is "to deliver," "to send forth judicially." Under a provision similar to ours, it has been held in New York, that after a judgment rendered in the district court has been docketed in the Common Pleas, the execution thereon may be issued by the attorney for the judgment creditor. It is not necessary that the clerk should issue it. *Wait's Anno. Code* 91, and authorities.

The execution, regular in form, was at least *prima facie* evidence that the trial justice had jurisdiction to render the judgment, and we think that the sheriff should be protected in everything he did in the due and proper execution of that process. Any other doctrine would paralyze the arms, and necessarily destroy the efficiency of ministerial officers. According to this view, it was error in the Circuit judge to charge that the plaintiff was entitled to recover the whole amount, "even if defendant paid out the money in good faith and without knowledge of William Landford's death, and his only recourse was to recover from those to whom he had paid." The sheriff only did what appeared to be his duty when he paid the plaintiff, Smith, the amount of his judgment, and the tax costs of the case, amounting to $98.69, and, as to this amount, the plaintiff should not recover against him.

As to the remaining portion of the purchase-money, $136.31, the verdict may be maintained. It is true that there was no warranty at the sheriff's sale, and it is also true that the plaintiff voluntarily paid the money; but after the facts of the case appeared, it is manifest that Roddy Landford, as executor of William Landford, deceased, is not entitled to receive it as defendant, the judgment and costs being paid. The sheriff holds it merely as stakeholder, and it may be regarded as having been paid by the plaintiff under a mistake of facts, to a person who has no grounds in conscience to retain it. *Glenn* v. *Shannon*, 12 *S. C.* 570; *Burns* v. *Ledbetter*, 56 *Tex.* 282.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial, unless the plaintiff shall, within ten days after written notice of this judgment, remit on the record of the Circuit Court the sum of $98.69, the amount of the judgment of Smith, and the tax costs of the case paid out by W. Wash. Thompson, as sheriff, in the performance of his office duty.