# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

CHARLES D. KENNEDY v. FIDELITY AND CASUALTY COMPANY
OF NEW YORK.[1]

January 4, 1907.

Nos. 14,882—(110).

**Casualty Insurance—Right of Action.**

A condition in a casualty insurance policy provided: "No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from date of such judgment and after trial of the issue." *Held*, the policy constituted a contract of indemnity, and payment and satisfaction of the judgment may be made by the assured by the execution and delivery of promissory notes, if executed in good faith and so accepted by the judgment creditor, and thereupon a cause of action accrues in favor of the assured and against the company.

**Evidence.**

There is no evidence in this case to warrant the conclusion that the payment and satisfaction of the judgment was not executed in good faith.

Action in the district court for Ramsey county to recover $5,000 upon an employer's liability insurance policy. The case was tried before Brill, J., who directed a verdict in favor of the plaintiff. From an

[1] Reported in 110 N. W. 97.

100 M.—1

order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.    Affirmed.

   *Robert E. Olds* and *Davis, Kellogg & Severance,* for appellant.
   *Samuel A. Anderson* and *John C. Mangan,* for respondent.

LEWIS, J.

   Respondent was the owner and operator of a steam laundry, and was insured by appellant company against loss up to $5,000 from liability for damages on account of bodily injuries suffered by his employees.    One of his employees, Kathryn Carlin, was injured during the term of the policy and recovered a judgment against respondent for $7,943.75, which was entered January 19, 1906.    February 24, 1906, the judgment was satisfied, and in full payment thereof respondent delivered to the judgment creditor, or her attorney, four promissory notes, dated on that day, with interest at six per cent. per annum, and indorsed by M. J. Clark, guarantor; one for $1,000, payable in three instalments, $200 sixty days, $400 six months, and $400 one year from date thereof; another for $1,000, payable in four equal quarterly instalments beginning May 24, 1907; one for $1,000, payable in four equal quarterly instalments beginning May 24, 1908; and one for $2,000, payable in four equal quarterly instalments beginning May 24, 1909.    No cash, property, or other consideration than the execution and delivery of the notes passed from respondent to Kathryn Carlin, in satisfaction of the judgment.    Respondent, having made demand upon appellant company for the payment of the face of the policy, commenced this action, and at the close of the case the court directed a verdict for plaintiff for the full amount demanded.    Appeal was taken from an order of the court denying appellant's motion for judgment notwithstanding the verdict, or for a new trial.    $202 was paid on the first note after the action was commenced.

   The policy upon which the suit was founded provided that the company, in consideration of the warranties made in the application for the policy and $25, agreed to indemnify respondent for the period of twelve months, subject to certain special and general agreements, against loss from common-law or statutory liability for damages on account of bodily injuries, fatal or nonfatal, accidentally suffered

within the period of this policy by any employee or employees, etc., and under the head of general agreements, subdivision 7 reads:

> No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him, in satisfaction of a judgment within sixty days from date of such judgment and after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the assured for damages unless at the expiration of such period there is such an action pending against the assured in which case an action may be brought against the company by the assured within sixty days after final judgment has been rendered and satisfied as above. The company does not prejudice by this clause any defenses to such action which it may be entitled to make under this policy.

We accept the views of appellant that this is a contract of indemnity, and not one of insurance, to the extent of $5,000. In this respect the policy differs materially from the one considered in Anoka Lumber Co. v. Fidelity & Casualty Co., 63 Minn. 286, 65 N. W. 353, 30 L. R. A. 689. The contract contemplates that an actual loss shall be sustained and paid before the company becomes liable, and appellant submits that by the fair and reasonable meaning of the language the assured cannot accomplish payment or satisfaction of the judgment in any other way than by actually parting with the cash. It is admitted that the debt and judgment was paid and satisfied by the execution of the promissory notes, if given in good faith. Bausman v. Credit Guarantee Co., 47 Minn. 377, 50 N. W. 496. But the whole argument of appellant rests upon the claim that the mere giving of the notes did not amount to a loss actually sustained for the reason that the maker of the notes and the guarantor might never be called upon to make payment, might become insolvent, that there is no certainty they will ever be paid, and, if not paid, there is no loss actually sustained. This means that the party assured, no matter what his financial condition might be, would be compelled to raise the actual cash within sixty days and pay it to the judgment creditor, or be foreclosed from enforcing the indemnity against the company. If the position

is sound, the money could not be raised by borrowing at a bank, or at any other place, upon promissory notes secured either by a signer or by property, because, before the notes became due, the property might become worthless, deteriorate in value, or the parties might become insolvent, and no actual payment ever be made; hence no loss. Fairly construed, the language means simply that the judgment must be paid and satisfied within sixty days from date of its entry, and, when such judgment is paid or satisfied, the loss is actually sustained. Of what consequence is it to the company whether respondent has on hand immediate cash to pay the judgment, or whether the judgment debtor is compelled to borrow that amount on the most favorable terms, or whether he makes the payment and secures the satisfaction by the execution of promissory notes running direct to the judgment creditor? Logically there is no difference in the method, and in either case it amounts to a payment and satisfaction of the judgment.

If the assured accomplished the satisfaction and payment of the judgment by executing and delivering the promissory notes above described, the good faith of that transaction was hardly open to question, even though it gave the assured the advantage of collecting from appellant company the amount of insurance before the notes came due. So far as the record shows, the assured paid the judgment in good commercial paper, and there is nothing upon the face of the transaction to indicate that the arrangement was made for a fraudulent purpose.

Order affirmed.