MARSHVILLE COTTON MILLS, INC., v. THOMAS MASLIN ET AL.

(Filed 31 January, 1928.)

**Pleadings—Demurrer—Nature of Grounds.**

> An action is not subject to demurrer for misjoinder of parties and causes of action when founded upon a note secured by a mortgage and brought against the original payees, endorsers, some with and some without recourse, and in some instances of transfer fraud is alleged, its entire history arising from the same transaction and those connected with liability in various capacities for its payment.

CIVIL ACTION, before *Midyette, J.*, at Chambers, 12 August, 1927.

*Small, MacLean & Rodman for plaintiff.*
*Parrish & Deal for R. C. Vaughan, receiver.*

BROGDEN, J. The various pleadings in the cause allege the following facts: "Prior to October, 1925, W. M. Nissen owned a certain tract of land in Beaufort County, containing approximately 1,700 acres. Moore County Farms, Inc., owned a lot on Chestnut Street in Winston-Salem, upon which there was a first and second mortgage aggregating $51,000. Nissen agreed to sell the land in Beaufort County to Moore County Farms in exchange for said lot in Winston-Salem, and as a further consideration for said lot, to deliver certain shares of stock in the George E. Nissen Company. The Moore County Farms agreed to pay the indebtedness of $51,000 on its lot in order that Nissen could get a clear title thereto. Failing to secure a Land Bank loan, Moore County Farms requested Nissen to convey the land in Beaufort County to Thomas Maslin. This was done. Being unable to secure the loan, Thomas Maslin alleged that Nissen agreed to accept a mortgage on the Beaufort

County land in liquidation of the said indebtedness of $51,000 on the Winston-Salem lot. Thereupon Nissen, according to the allegations of Maslin, prepared a note for $65,000 and a deed of trust to Oscar O. Efird, trustee, upon the land to secure payment thereof. Maslin and wife executed this note and deed of trust. The note is as follows:

"$65,000. Winston-Salem, Forsyth County, N. C., 16 October, 1925. Four months after date, with interest from date until paid, payable semiannually, we promise to pay to W. H. Maslin or order, sixty-five thousand and 00/100 dollars. For value received in money loaned. Principal and interest payable at the office of the Wachovia Bank and Trust Company, Winston-Salem, N. C. Witness our hands and seals.

　　　　　　　　　　　　　"Thos. Maslin, Martha M. Maslin."

On 16 October W. H. Maslin, the payee in said note, duly endorsed the same to the order of W. M. Nissen. On 17 April, 1926, Maslin and wife conveyed the land to Moore County Farms, subject to the said deed of trust securing the payment of said note for $65,000. On 1 December, 1926, W. M. Nissen, for value, duly endorsed without recourse the said note to the plaintiff. At the time of said endorsement Nissen represented to the plaintiff that the note was a valid and subsisting obligation of Maslin, and that there were no equities which could be set up against it.

The plaintiff brings a suit upon said note and for the foreclosure of said deed of trust. The suit is brought against Thomas Maslin and Martha Maslin, makers of said note. W. H. Maslin and W. M. Nissen, endorsers of said note, Oscar O. Efird, as trustee, Wachovia Bank and Trust Company as receiver of Merchants Bank and Trust Company, John H. Dyer, trustee, N. S. Poindexter, R. L. White and R. C. Vaughan. Vaughan is receiver for the Moore County Farms, Inc. The plaintiff filed a complaint and an answer was filed by Thomas Maslin. The receiver of Moore County Farms filed an answer, and thereafter the plaintiff filed an amended complaint, setting up substantially the same cause of action contained in the original complaint. Thereupon, the receiver of Moore County Farms filed a demurrer upon the ground that the complaint contained inconsistent causes of action and that there was a misjoinder of parties. The alleged misjoinder of causes of action is as follows: "That the complaint sets up separate causes of action against this defendant and W. M. Nissen, between whom there is no community of interest, for that it is alleged as a cause of action against this defendant, that a certain note and mortgage bearing date of 16 October, 1925, is a valid encumbrance upon the land mentioned in the complaint, and is also asking relief against W. M. Nissen upon the ground that the

mortgage and lien above mentioned is not a valid lien, and was transferred through fraud to the plaintiff on 1 December, 1926."

The trial judge overruled the demurrer. In this ruling we concur. The statute provides that several causes of action may be united in the same pleading if they arise out of "the same transaction or transaction connected with the same subject of action." What is the transaction in this case? Manifestly, it is the giving of a promissory negotiable note by Thomas Maslin to W. H. Maslin and the endorsement of that note by W. H. Maslin to Nissen, and the endorsement thereof without recourse by Nissen to the plaintiff. Nissen was connected with the note, which is the subject of the action because he endorsed it. Moore County Farms was a necessary party to the action because the mortgagor Maslin conveyed the property to the Moore County Farms after the execution of the mortgage or deed of trust. *Stancill v. Spain,* 133 N. C., 76.

The rule for determining misjoinder of causes of action is thus stated by *Walker, J.,* in *Hawk v. Lumber Co.,* 145 N. C., p. 48. "The result of the decisions is that, if the causes of action be not entirely distinct and unconnected, if they arise on one and the same transaction, or a series of transactions forming one course of dealing, and all tending to one end, if one connected story can be told of the whole, the objection of multifariousness does not arise."

The entire transaction in this case involves the validity of a note and the respective liabilities of the makers and endorsers. *Ayers v. Bailey,* 162 N. C., 209. The judgment overruling the demurrer is

Affirmed.