DAISY B. QUEVEDO AND HUSBAND, SOTERO QUEVEDO; MAUDE SMITH, UNMARRIED; MARY LENNON, WIDOW; HELEN TRIGG, WIDOW; AND JAMES SMITH v. GEORGE T. DEANS AND F. L. TOLAR AND WIFE, THELMA G. TOLAR.

(Filed 12 December, 1951.)

**1. Reference § 10—**

Upon the hearing upon exceptions to the referee's report, the trial judge in his supervisory power has authority to amend, modify, set aside, confirm, or disaffirm the report, which authority includes the power to make such additional findings of fact as the court deems advisable.

**2. Taxation § 40g—**

The persons named as owners of the land, who were residents of the county, were dead at the time of the institution of the tax foreclosure suit. Summons against them was returned "not found." Service by publication was had against the persons named as owners and "all persons claiming any interest in the lands." *Held:* Judgment of foreclosure was not binding upon the heirs at law, residents of the county.

**3. Evidence § 37—**

A party may not object that the original record was not introduced in evidence when it is disclosed that such record was in his own possession.

**4. Judgments § 25—**

A judgment which is void for want of service of process may be attacked in any proceeding.

**5. Taxation § 40g—**

Publication of notice in a tax foreclosure suit to "all persons claiming any interest in the lands" is ineffective as to unnamed claimants, since it offends the constitutional guarantee of due process of law, G.S. 105-391, and as to such persons the entire proceeding is void.

**6. Same—Purchaser at tax foreclosure is charged with notice of want of valid service when record discloses such defect.**

While a purchaser at a judicial sale is only required to ascertain from the record if the court had jurisdiction of the parties and subject matter

and that the judgment authorized the sale, when the judicial sale is a tax foreclosure it is the duty of the purchaser to investigate or cause to be investigated all sources of title, and when the record discloses that process was not served on those named as owners and fails to show affidavit prerequisite for service by publication, grantees in *mesne* conveyance from the county are charged with notice and will not be protected against the rights of the true owners who were not served with process in the tax foreclosure suit in any manner sanctioned by law.

**7. Same—**

The commissioner's deed to the county as purchaser at a tax foreclosure sale and the county's subsequent deed to the purchaser of the land from it, conveying the interest conveyed to it by the commissioner's deed, are no more than quitclaim deeds, and the purchaser from the county can acquire no better title than that conveyed in the commissioner's deed.

**8. Taxation § 40d—**

No statutes of limitation bar the right of the owners of land to assert their title as against a tax foreclosure in which they were not made parties or served with process in any manner sanctioned by law.

APPEAL by defendants from *Williams, J.,* April Term, 1951, ROBESON. Affirmed.

Civil action in ejectment heard on report of referee.

One James M. Smith, a resident of Robeson County, died intestate on or about 27 February 1934, seized and possessed of two tracts of land described in the complaint. Said land had been listed for taxes in his name on the tax books of Robeson County for 1934 and prior years. On 11 September 1934, Robeson County instituted a tax foreclosure action against Smith and his wife, both of whom were then dead, for the collection of the taxes then in default. The summons in the action was returned endorsed by the sheriff "Not Found."

In respect to said action, the clerk's docket discloses the following entries: "Publication October 5, 1934. Affidavit of Printer and Order signed November 7, 1934. Judgment of Foreclosure January 22, 1935. Decree of Confirmation June 10, 1935."

None of plaintiffs, heirs at law of Smith, were made parties or served with process. The service of summons by publication was addressed to the defendants in the action "And all persons claiming any interest in the lands herein described." The only attempted service on plaintiffs is such as may have been effected by said phrase in the notice of the action pending.

A commissioner was appointed; the land was sold and purchased by the county, to which the commissioner executed a foreclosure deed 10 June 1935. On 5 March 1946, Robeson County conveyed the premises to the defendant Deans by deed without warranty but containing the following:

"The interest hereby conveyed is that conveyed by F. D. Priest, Commissioner, to Robeson County by deed recorded in Book 8-P, at page 100,. Robeson County Registry."

· Deans entered into possession of the *locus* and remained in possession until 17 February 1948, on which date he conveyed the same by warranty deed to the defendant F. L. Tolar.

This action was instituted 7 April 1948, and at the August Term 1948 was referred, by consent. The referee, after hearing, found the essential facts and concluded that (1) the deeds from the commissioner to the county, to Deans, to Tolar, conveyed a fee simple title to the *locus;* (2) the plaintiff's cause of action is barred by the one-year (G.S. 105-393),. the three-year (G.S. 1-52), and the ten-year (G.S. 1-56) statute of limitations; and (3) the plaintiffs have no interest in or title to the *locus.*

When the cause came on for hearing in the court below on the exceptions to the referee's report, the plaintiffs withdrew their exceptions to. the findings of fact made by the referee and the cause was heard upon their exceptions to the referee's conclusions of law. The court, in its. judgment, recited the following facts:

". . . and it appearing to the Court from the uncontradicted evidence taken before the Referee, and the record, that the plaintiffs in this action were not named parties in the foreclosure proceeding instituted by Robeson County in the summons or caption in said suit, and that the plaintiffs. at the time this suit was instituted were living in Robeson County, North Carolina, and amenable to process of this Court, and that summons was not served upon them in this action except by publication as set out in the findings of fact of the referee, said.findings of fact are adopted by the· Court as set out in said report . . ."

It concluded that the foreclosure suit was not properly constituted, the· court did not acquire jurisdiction, and judgment entered therein is void. It thereupon sustained the exceptions to the referee's conclusions of law and rendered judgment for the plaintiffs. The defendants excepted and appealed.

*Johnson & Johnson for plaintiff appellees.*

*George T. Deans, defendant, in propria persona, and Varser, McIntyre· & Henry for defendants Tolar.*

BARNHILL, J. Did the court err (1) in making additional findings of fact, and (2) in holding that the plaintiffs are the owners of the land in controversy? These are the questions the defendants pose for decision.. Each must be answered in the negative.

As the cause came on for hearing before the trial judge on exceptions to the report of the referee, he was not bound by the findings of fact or-

conclusions of law made by the referee. Instead he, in the exercise of his supervisory power, was vested with full authority to amend, modify, set aside, confirm, or disaffirm the report. This included the authority to make such additional findings of fact as he deemed advisable. *Keith v. Silvia,* 233 N.C. 328.

It is now settled law in this jurisdiction that in a tax foreclosure action the owners of the equity of redemption must be made parties to the action and served with process. *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190; *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 255; *Wilmington v. Merrick,* 231 N.C. 297, 56 S.E. 2d 643.

The failure to make the owners parties to the action and have them served with process is not a mere irregularity or defect of procedure. It is the omission of an essential requirement of due process which renders the whole proceedings, as to those not parties, void and of no effect. *Comrs. of Roxboro v. Bumpass, supra; Eason v. Spence, supra.*

That the validity of the judgment in the foreclosure proceeding was subject to challenge in this action is well settled by the decisions of this Court. *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26; *Hill v. Stansbury,* 224 N.C. 356, 30 S.E. 2d 150; *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311.

While it is true that one who buys at a judicial sale is required only to look to the record to see if the court had jurisdiction of the parties and the subject matter of the proceeding and that the judgment authorized the sale, *Graham v. Floyd,* 214 N.C. 77, 197 S.E. 873, this rule, even if applicable here, can bring little comfort to the defendants. The only persons named as parties defendant were dead. The summons as to them was returned unserved. They, before their death, were residents of the county, and it does not appear that the required affidavit for service by publication was filed. Nor does the judgment recite service. These are defects disclosing the want of jurisdiction, readily discoverable by anyone who might search the record.

The contention that the original record is not now available does not affect this conclusion. Furthermore, in this connection, it was stated here, and not denied, that the record of the hearing before the referee discloses that the judgment roll in the foreclosure proceeding was traced to the office of one of the defendants. They cannot now complain that the plaintiffs failed to produce it.

The publication of notice to "all persons claiming any interest in the lands" made in the foreclosure proceeding does not remedy the lack of service of summons. Speaking to the subject in *Eason v. Spence, supra,* *Ervin, J.,* says:

". . . it is now well established by authoritative decisions that the provisions of section 5 of Chapter 260 of the Public Laws of 1931 relating

to the posting of notices and the making of general advertisements as a procedure for bringing unnamed claimants before courts in tax fore-closure suits offend the constitutional guaranty of due process of law because such procedure does not afford the claimants reasonable notice and reasonable opportunity to be heard."

The limited scope or purpose of such notice as now required by G.S. 105-391 is likewise discussed in *Wilmington v. Merrick, supra.*

In any event, the judicial sale upon which defendants rely was a tax foreclosure sale and "it is the duty of one who would purchase a tax title to investigate, or cause to be investigated, all sources of title, 'and if he fail to do so, it is his folly, against which the law, that encourages no negligence, will give him no relief.' (*Foy v. Haughton,* 85 N.C. 169)" *Wilmington v. Merrick,* 234 N.C. 46. This rule applies with particular force when the very contents of the deed the purchaser receives puts him on notice that no title is assured but, as here, the grantor conveys only such title as he received under the commissioner's deed.

No statute of limitations bars the right of plaintiffs to maintain this action. *Comrs. of Roxboro v. Bumpass, supra.*

The commissioner's deed to the county and the county's deed to Deans are no more than quitclaim deeds. *Wilmington v. Merrick, supra* (234 N.C. 46). The defendant purchased a "pig in the poke," but when he opened the bag he found no pig. For him the situation is unfortunate. It is nonetheless a situation for which the law affords no relief.

The judgment entered in the court below is

Affirmed.