### F. JUANITA PAGE v. ROBERT BAKER MILLER
#### AND
### F. JUANITA PAGE v. HAROLD D. HYNDS and GRACE D. HYNDS.

(Filed 24 February, 1960.)

**1. Judicial Sales §§ 3, 4—**

In the sale of land by a commissioner pursuant to judgment in a tax foreclosure proceeding, the last and highest bidder is but a proposed purchaser and acquires no interest in the land prior to confirmation, but after due confirmation he is the equitable owner of the land and his interest can be set aside only upon motion in the cause for mistake, fraud, or collusion, and the mere fact that the amount of the bid is not promptly paid does not destroy his equitable estate. Upon confirmation the title of the judgment debtor is divested and his heirs or devisees can acquire no estate in the land.

**2. Judicial Sales § 5: Corporations § 27—**

The fact that a corporation purchasing property at a judicial sale, duly confirmed, has its charter revoked under G.S. 105-230 prior to its assignment of its bid to the judgment creditor does not deprive the assignee of its rights in the land, since G.S. 105-231 does not have the effect of depriving the corporation of its properties or penalizing innocent parties.

**3. Judicial Sales § 4—**

Confirmation of a judicial sale more than twenty years after the entry of the judgment directing the sale, is a nullity and neither vests title in the highest bidder nor divests the title of the judgment debtor.

**4. Taxation § 40c—**

In an action to enforce the lien for taxes under G.S. 105-414, each person having an estate in the land is a necessary party if his equity of redemption is to be barred, and where at the time of the institution of the proceeding the persons named in the summons and complaint as owners of the land are dead, and their heirs or devisees are not made parties, judgment of foreclosure and sale of the land thereunder cannot divest the title of the heirs or devisees.

**5. Judgments § 19—**

A judgment rendered against a party who is dead at the time of the institution of the action is void and may be collaterally attacked by his heirs or devisees.

**6. Same—**

Laches cannot estop a party from attacking a void judgment.

APPEAL by plaintiff from *Pless, J.,* August 17, 1959 Civil Term, of HENDERSON.

These actions were instituted for the purpose of determining ownership of three lots in the Town of Laurel Park, all claimed by plaintiff, one claimed by defendant Miller and the other two by defendants Hynds.

Because of sustantially similar factual and legal questions, the causes were consolidated. A jury was waived. Judge Pless found the facts with respect to which there seems to be no substantial controversy. He adjudged defendant Miller was the owner of one lot and defendants Hynds the owners of the other two. The additional facts necessary to an understanding of the questions presented appear in the opinion.

*W. Y. Wilkins, Jr., for plaintiff, appellant.*
*Crowell & Crowell for defendant, appellees.*

RODMAN, J. Harriet M. Rodman purchased lots 32 and 38 in 1926. Her residuary legatee conveyed these lots to plaintiff in 1958. Plaintiff is the owner unless good title was acquired by the purchaser at a sale made by a commissioner appointed in the tax foreclosure proceeding referred to in the next paragraph.

In 1937 Henderson County instituted an action in the Superior Court of that county against Harriet M. Rodman for the purpose of

foreclosing the lien of county taxes assessed for 1934 against lots 32 and 38. Summons was served on defendant, a nonresident, by publication. Judgment was entered for the taxes and the sum so adjudged was declared to be a first lien on said lots. M. F. Toms was appointed commissioner with authority to sell for the purpose of satisfying the judgment lien. The commissioner, acting in conformity with the judgment, made a sale to Rhododendron Corporation on 7 March 1938. This sale was reported to the court and, on 28 March 1938, the sale so made was confirmed and the commissioner directed to execute a deed to the purchaser. The decree of confirmation contained a provision for the issuance of a writ of possession.

On 2 December 1946 M. F. Toms executed a deed to Henderson County for lots 32 and 38. The deed recites the sale and confirmation and "Rhododendron Corporation, having assigned its bids to Henderson County and joins in this deed for the purpose of acknowledging said assignments, and Henderson County having complied with the bids. . ."

In 1944 the Secretary of State suspended the articles of incorporation of Rhododendron Corporation pursuant to the provisions of G.S. 105-230. They have not been reinstated. Defendants trace their titles to lots 32 and 38 to Henderson County.

To defeat defendants' titles and to establish plaintiff's asserted prior right to these lots, she contends the judgment debtor's title was not divested by the commissioner's sale because the bidder, Rhododendron Corporation, failed to pay the amount of its bid or assign its bid prior to the suspension of its charter; hence the commissioner was without authority to convey to Henderson County in 1946, and more than ten years having elapsed since the judgment of foreclosure was rendered, her title cannot be divested by the judgment. To support her contention she relies on G.S. 105-231 and G.S. 1-234, *Cheshire v. Drake*, 223 N.C. 577, 27 S.E. 2d 627; *Lupton v. Edmundson*, 220 N.C. 188, 16 S.E. 2d 840.

Plaintiff's contention is lacking in substance due to her failure to recognize the distinction between the rights of a bidder at a judicial sale before and after confirmation. The distinction is clearly drawn into focus by many decisions of this Court and is aptly illustrated in the following quotations: "The commissioner acts as agent of the Court, and must report to it all his doings in execution of its order. The bid is but a proposition to buy, and until accepted and sanctioned by the Court, confers no right whatever upon the purchaser." *Smith, C. J.*, in *Mebane v. Mebane*, 80 N.C. 34.

"After confirmation, the power of the court is much more restrict-

ed. The purchaser is then regarded as the equitable owner, and the sale, as it affects him or his interests, can only be set aside for 'mistake, fraud, or collusion' established on petitions regularly filed in the cause." *Hoke, J.,* in *Upchurch v. Upchurch,* 173 N.C. 88, 91 S.E. 702; *Beaufort County v. Bishop,* 216 N.C. 211, 4 S.E. 2d 525; *Joyner v. Futrell,* 136 N.C. 301; *McLaurin v. McLaurin,* 106 N.C. 331; *Evans v. Singletary,* 63 N.C. 205.

The mere fact that the amount bid was not promptly paid following confirmation did not release the bidder nor destroy his equitable estate. *Burgin v. Burgin,* 82 N.C. 196; *Evans v. Singletary, supra.*

The judgment debtor could not again be called upon to pay the amount for which the land was sold. True, if the purchase price was not paid, the bidder's equitable estate could, upon notice, be sold and judgment entered against it for the deficiency. *Byerly v. Delk,* 248 N.C. 553, 103 S.E. 2d 812. It follows that Harriet M. Rodman, the judgment debtor, was effectively divested of all title and interest in the lots when the decree of confirmation was entered, and the deed from her legatee conveyed no title.

It is not necessary to determine whether a mere acknowledgment of its financial inability to comply with its bid and the assignment to the judgment creditor is the exercise of a power which has terminated by G.S. 105-230, and if so, whether the exercise of such power does more than create liability for the statutory penalty provided by G.S. 105-231. The statute was not intended to deprive a corporation of its properties nor to penalize innocent parties.

The court correctly concluded that defendant Miller was the owner of lot 32 and the defendants Hynds were the owners of lot 38.

Lot 36, the remaining lot in controversy, was acquired by I. H. Thurman in April 1926. On 30 July 1926 he and his wife executed a written instrument purporting to convey this lot to his children L. R. Thurman of Springfield, Kentucky, and Rodman Thurman Barber of Louisville, Kentucky. The concluding portion of the deed reads: "IN TESTIMONY WHEREOF, the parties of the first part have hereunto set their hands and seals the day and year above written." Then follow signatures without anything on record to indicate a seal. The instrument was duly acknowledged as a deed on 2 August 1926 and recorded in Henderson County on 9 October 1926. The grantees in that instrument conveyed lot 36 to plaintiff in 1958.

I. H. Thurman died in 1930.

In 1935 the Town of Laurel Park began tax foreclosure proceedings against Mrs. J. H. Thurman and J. H. Thurman for the purpose of collecting the 1932 taxes assessed by the town against the lot. Based

on an affidavit that defendants were nonresidents, an order was entered directing service of summons by publication. A notice was published directed to Mrs. J. H. Thurman and husband J. H. Thurman. Default judgment was entered and a commissioner appointed with authority to sell. The commissioner, on 2 March 1936, reported that he had sold the land to F. C. Shelton. On 21 January 1956 the court entered an order purporting to confirm the sale made in 1936. Defendants Hynds base their claim to lot 36 in part on this foreclosure proceeding. If the action were otherwise valid, it is apparent from what has been previously said that confirmation in fact made more than twenty years after the rendition of the judgment vested no title in the high bidder nor did it divest the title of the owner. *Cheshire v. Drake, supra; Lupton v. Edmundson, supra.* As hereafter pointed out, there are other reasons why rights could not be acquired pursuant to this foreclosure action.

In 1937 Henderson County instituted tax foreclosure proceeding against I. H. Thurman and Mrs. I. H. Thurman to recover the 1934 taxes assessed by it on lot 36. An affidavit was filed stating that defendants were nonresidents. Based on this affidavit, an order was entered directing service of summons by publication. Notice was published. A default judgment was entered and a commissioner was appointed to sell. He reported that he sold the lot on 7 March 1938 to Rhododendron Corporation. This sale was confirmed by decree dated 28 March 1938. In 1946 the commissioner, with the assent of Rhododendron Corporation, executed a deed to Henderson County for this lot. Defendants Hynds trace their title to a deed executed by Henderson County.

If the court, when it entered its decree of foreclosure, had jurisdiction of the parties necessary to convey a good title, defendants are the owners by virtue of the deed from Henderson County; but that judgment cannot bind those not parties unless they acquired from a party subsequent to the institution of the action.

The action under which defendants Hynds assert title was based on C.S. 7990, now in substance the first paragraph of G.S. 105-414. It was "an action in the nature of an action to foreclose a mortgage." It has always been held by us that a person having an estate in mortgaged property is a necessary party if his equity of redemption is to be barred. *Stancill v. Spain,* 133 N.C. 76; *Cotton Mills v. Maslin,* 195 N.C. 12, 141 S.E. 348; *Grady v. Parker,* 228 N.C. 54, 44 S.E. 2d 449; *Baker v. Murphrey,* 250 N.C. 346, 108 S.E. 2d 644, and authorities cited.

This rule as to necessary parties has naturally and logically been

applied to actions instituted to foreclose a tax lien. *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717; *Wilmington v. Merrick,* 231 N.C. 297, 56 S.E. 2d 643; *Johnston County v. Stewart,* 217 N.C. 334, 7 S.E. 2d 708; *Wendell v. Scarboro,* 213 N.C. 540, 196 S.E. 818; *Beaufort County v. Mayo,* 207 N.C. 211, 176 S.E. 753; *Orange County v. Atkinson,* 207 N.C. 593, 178 S.E. 91; *Guy v. Harmon,* 204 N.C. 226, 167 S.E. 796. Cf. *Franklin County v. Jones,* 245 N.C. 272, 95 S.E. 2d 863; *Travis v. Johnston,* 244 N.C. 713, 95 S.E. 2d 94, where the true owners were parties to the tax foreclosure proceeding.

It is immaterial whether the instrument dated in July 1926 purporting to be a deed from I. H. Thurman and his wife to L. R. Thurman and Rodman T. Barber was in fact a deed, G.S. 47-108.11, or a mere contract to convey. It is conceded that I. H. Thurman was dead when the tax foreclosure action was instituted in 1937, and his two children, L. H. Thurman and Mrs. Barber, acquired such rights as he had by the written instrument of 1926 or by descent upon his death in 1930.

A valid judgment may be rendered in favor of a party who is dead when the judgment is entered. A judgment against a party rendered after his death is, unless saved by the statute (G.S. 1-225) irregular and may be vacated by motion. *Wood v. Watson,* 107 N.C. 52. But a judgment against one dead when the original process issued is a mere nullity. It can bind no one.

As said in the headnotes to *Greenstreet v. Thornton,* 27 L.R.A. 735 (Ark.): "A decree based on a summons against a dead man who is named as the owner of property, the sale of which is sought for an assessment for an improvement, is of no validity whatever, no matter how the summons was posted or published, although such notice in case of unknown owners might be sufficient."

"A judgment rendered against a party, who died before the action is commenced, is void and may be collaterally attacked." *Garrison v. Blanchard,* 16 P. 2d 273; *Richards v. Thompson,* 23 P. 106; *Bragg v. Thompson,* 19 S.C. 572; *Shea v. Shea,* 77 Am. St. Rep. 779. Numerous other cases are to be found in the notes to *Wardrobe v. Leonard,* 126 Am. St. Rep. 631-636, and notes to *Kager v. Vickery,* 49 L.R.A. 153.

Since L. R. Thurman and Mrs. Barber were necessary parties either as grantees or heirs, they could not be deprived of their property rights by an action instituted against their father after his death. To do so, it was necessary that process be served on them. *Quevedo v. Deans,* 234 N.C. 618, 68 S.E. 2d 275; *Comrs. of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144; *Powell v. Turpin,* 224 N.C. 67, 29 S.E. 2d 26; *Crandall v. Clemmons,* 222 N.C. 225, 22 S.E. 2d 448.

The foreclosure action does not purport to show that L. R. Thurman and Mrs. Barber, owners of the lot when the foreclosure action was instituted, were parties. It was competent for them or their grantee to collaterally attack the judgment. *Quevedo v. Deans, supra; Eason v. Spence, supra.*

One is not guilty of laches divesting him of his property by mere failure to take action to have a judgment void as to him so declared. Nor is he estopped from asserting his right to his property by failure to act with respect to such void judgment. *Comrs. of Roxboro v. Bumpass, supra; Powell .v. Turpin, supra; Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311.

Since the foreclosure action is a nullity, the question of the lien of Henderson County for taxes chargeable to the lot is not presented or considered.

The judgment as to defendant Miller is affirmed; as to defendants Hynds, affirmed as to lot 38 and reversed as to lot 36.

As to Miller—affirmed.

As to Hynds—affirmed in part and reversed in part.