**WALKER MANUFACTURING COMPANY, a division of Tenneco, Inc., Plaintiff,**

v.

**DICKERSON, INCORPORATED and Seaboard Surety Company, a corporation, Defendants and Third-Party Plaintiffs,**

v.

**PIEDMONT ENGINEERING AND ARCHITECTS, INC., also, d/b/a Piedmont Engineers and Architects; Edwards Roofing and Sheet Metal Company, a corporation also d/b/a Edwards Sheet Metal Company; and the Celotex Corporation, Third-Party Defendants.**

No. A–75–114.

United States District Court,
W. D. North Carolina,
Asheville Division.

Aug. 11, 1980.

Whyte & Hirschboeck by Victor M. Harding, Milwaukee, Wis., McGuire, Wood, Erwin & Crow by James P. Erwin, Jr., Asheville, N. C., for plaintiff Walker Manufacturing Co.

Helms, Mulliss & Johnston by Robert B. Cordle, E. O. Ayscue, Jr., Charlotte, N. C., Dawkins & Glass by Koy E. Dawkins, Monroe, N. C., for defendants and third-party

plaintiffs Dickerson, Incorporated and Seaboard Surety Co.

Craighill, Rendleman & Clarkson by James B. Craighill, Charlotte, N. C., for Piedmont Engineering and Architects, Inc.

Griffin & Humphries by James E. Griffin, Monroe, N. C., for Edwards Roofing and Sheet Metal Co.

Fairley, Hamrick, Monteith & Cobb by S. Dean Hamrick, Charlotte, N. C., for The Celotex Corp.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

The Third-Party Defendant, The Celotex Corporation has moved pursuant to the provisions of Rule 60(b)(6), Federal Rules of Civil Procedure for an order modifying the judgment entered in this cause to reflect that said judgment is a conditional judgment for indemnity only and that no execution to collect the judgment be permitted until such time as it is demonstrated to the Court that Edwards Roofing and Sheet Metal Company has made actual payment of the judgment.

The motion was heard in Asheville on July 1, 1980 and after a careful examination of the file, records, affidavits, briefs and arguments the Court now enters its findings and conclusions.

In the trial of the primary action a judgment in the amount of $194,000.00 was entered in favor of the Plaintiff Walker Manufacturing Company against the Defendant, Dickerson, Incorporated. Cross-claims were asserted by Dickerson against the Third-Party Defendants, Edwards Roofing and Sheet Metal Company, Piedmont Engineers and Architects, and The Celotex Corporation. In the trial of the Third Party claims, the jury determined that Dickerson was entitled to full indemnity in the amount of $194,000.00 against Edwards but was not entitled to recover anything against Piedmont and Celotex. The jury also determined that Edwards was entitled to recover on its indemnity claim against Celotex in the sum of $97,000.00 and in the

sum of $48,500.00 against Piedmont. All parties appealed and the judgment was affirmed by the Court of Appeals for the Fourth Circuit on April 2, 1980.

Celotex filed this motion on May 5, 1980 and on May 12, 1980, Edwards assigned all right, title and interest in its judgment against Celotex to Dickerson in payment and partial satisfaction of the judgment for $194,000.00 which Dickerson obtained in this action against Edwards.

Edwards has not conducted any business since about 1976 and has no assets other than its claim against Celotex. In addition to the Dickerson judgment of $194,000.00 Edwards has two unsatisfied judgments and a federal tax lien recorded against it in Union County, North Carolina. Its corporate charter was suspended by the Secretary of State of North Carolina on January 18, 1980.

By order dated June 5, 1980, this Court stayed execution by Dickerson on the judgment assigned to it by Edwards on the posting of a bond by Celotex.

The foregoing facts are not in dispute and based upon these facts Celotex contends that the judgment should be modified to reflect the true nature of the judgment that Edwards was allowed to recover against it for indemnity only for breach of implied warranty and that Edwards and Dickerson should be prevented from execution upon the judgment against it until Edwards has made payment to Dickerson.

Celotex cites and relies upon the principle of law stated in 41 Am.Jur.2d Sect. 32 which reads:

"A contract of indemnity implied by law in favor of one who is legally liable for the negligence of another has been held to cover loss or damage and not merely liability. Therefore, as in the case of contracts of indemnity against damage, a cause of action for indemnity based on torts does not accrue until the indemnitee has suffered an actual loss."

Celotex contends that the above general rule is followed by the North Carolina Court and that it should be applied by this Court in this diversity action.

Dickerson contends, first, that the motion was not timely filed and the Court should deny it without reaching the merits and second, that if the merits are reached the assignment of the judgment by Edwards constitutes a loss to Edwards or a payment to Dickerson and the motion should be denied.

Dickerson contends that Celotex learned of the poor financial condition of Edwards during the deposition of its president in 1976 and that the judgment in question was entered more than two years before this motion was filed, and notwithstanding this length of time plus the briefing and arguments in the Court of Appeals this question was not raised until execution was issued or threatened. Dickerson further contends that notwithstanding the time elapsed since the judgment Celotex has not shown any of the "exceptional or extraordinary circumstances" traditionally required before the Court will modify a judgment under Rule 60(b)(6).

The Court concludes that since the decision of the Court of Appeals for the Fourth Circuit was not handed down until April 2, 1980 the motion to modify the judgment was timely filed on May 5, 1980 and the matter will be determined upon its merits.

■ Since this is a diversity case the law of North Carolina must be applied. No party to this controversy has found a North Carolina case which clearly answers the issue as to whether an assignment of a judgment for indemnity as payment and partial satisfaction of a judgment for indemnity further up the chain would entitle the assignee to execute on the judgment. North Carolina follows the general rule of law with respect to indemnity, that is, the indemnitee cannot collect indemnity for loss from the indemnitor until it has "made payment or otherwise suffered an actual loss or damage." 41 Am.Jur.2d Indemnity Section 32. *Heath v. Board of Commissioners*, 292 N.C. 369, 233 S.E.2d 889 (1977).

■ The question then arises whether the assignment by Edwards to Dickerson of its judgment against Celotex is an actual loss or damage to Edwards. It appears that the North Carolina Supreme Court would hold that such an assignment would constitute an actual loss or damage.

The fact that the corporate charter of Edwards has been suspended by the office of the Secretary of State does not affect the validity of the assignment of the judgment. In the case of *Page v. Miller* and *Page v. Hynds*, 252 N.C. 23, 113 S.E.2d 52 (1960), the Supreme Court held valid an assignment of a bid at a foreclosure sale to a judgment creditor by a corporation whose charter was suspended prior to the assignment. The Court stated that the statute authorizing the suspension "was not intended to deprive a corporation of its properties nor to penalize innocent parties." 252 N.C. at p. 26, 113 S.E.2d 52. See also, *Parker v. Homes, Inc.*, 22 N.C.App. 297, 299, 206 S.E.2d 344 (1974).

North Carolina law provides for and allows assignments of judgments. N.C.G.S. 1–246; *Houck v. Overcash*, 282 N.C. 623, 193 S.E.2d 905 (1973). It also provides that a judgment creditor of a corporate judgment debtor may satisfy its judgment in whole or in part out of debts due the corporation debtor, and that such debts can be assigned to the judgment creditor. N.C. G.S. 1–324.4. Under North Carolina law choses in action may be levied upon under execution on a judgment. N.C.G.S. 1–315.

It appears without question that Edwards' assignment of its judgment represents a loss to it of all rights and interests in the $97,000.00 judgment. It also acts as a payment and partial satisfaction of Dickerson's judgment against Edwards to the extent of the $97,000.00. Assignment of a judgment has the effect of divesting the assignor of all interest in the judgment, and transfers to the assignee by virtue of his equitable interest, "the right to control the collection of the judgment and for the purpose to use the name of . . . his assignor, and to receive the money collected." 56 Am.Jur.2d Judgment, Section 886. Furthermore, assignment of a judgment operates in the same way as a transfer of a chose in action. *Brown v. Reinke*, 199 N.W.

235, 159 Minn. 458 (1924), 46 Am.Jur.2d Judgments Section 883.

A note, also considered a chose in action, which is given by an obligee in satisfaction of a judgment against him, has been held in numerous cases sufficient to constitute loss or damage under an indemnity against loss if that note is accepted as payment and in satisfaction of the judgment against the obligee. *Seattle and S.F.R.Y. and Navigation Co. v. Maryland Casualty Co.*, 96 P. 509, 50 Wash. 44 (1908); *Kennedy v. Fidelity and Casualty Co.*, 110 N.W. 97, 100 Minn. 1 (1907).

The similarity between the loss suffered by the maker of a note given in satisfaction of judgment and that suffered by the assignor of a judgment in satisfaction of another judgment is illustrated in both the *Seattle* and *Kennedy* decisions. The *Seattle* court rejected the indemnitor's argument that there was no loss under an indemnity relationship until cash had been paid in satisfaction of the judgment against the indemnitee. It held that execution of a note accepted as satisfaction for a judgment against the maker was a "loss" sufficient to support recovery under an indemnity against loss, notwithstanding the possibility of the maker's insolvency. The *Kennedy* court had so stated a year earlier.

This Court is of the opinion that the North Carolina courts would hold that the assignment of a judgment under the circumstances of this cause constitutes an actual loss or damage for the purpose of indemnity. The Court, therefore, holds that the assignment by Edwards of the judgment against Celotex to Dickerson in payment and partial satisfaction of Dickerson's judgment against Edwards constitutes loss or damage to Edwards for the purposes of indemnity. An order dissolving the stay of execution of the judgment against Celotex and allowing Dickerson to execute on the judgment will be entered.